UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Jimmy Smith

    v.

Roger Williams University Law School

Case No. 21-cv-190-PJB-AKJ
Opinion No. 2023 DNH 021

ORDER

Plaintiff Jimmy Smith, a law school graduate appearing pro se, has sued his alma mater, Roger Williams University Law School (RWULS). Mr. Smith claims that RWULS discriminated against him because of his race. Invoking Fed. R. Civ. P. 12(b)(6), RWULS moves to dismiss (Doc. No. 96), arguing that Mr. Smith's complaint fails to state a claim for relief. Mr. Smith has timely objected (Doc. Nos. 98 and 100), to which RWULS has replied (Doc. No. 99). The defendant's motion is granted. Accepting all of Mr. Smith's well-pleaded facts as true, the court finds that Mr. Smith has failed to state claim for racial discrimination.

Factual Background[1]

---

[1] Unless indicated otherwise, the facts are taken from Mr. Smith's amended complaint (Doc. No. 70-2). See April 18, 2022, Report and Recommendation (Doc. No. 79) adopted, July 22, 2022 (Doc. No. 95). As the court denied Mr. Smith's attempt to interpose various other claims in his amended complaint, see id., only those facts potentially relevant to Mr. Smith's racial discrimination claims are included in this order.

Mr. Smith, an African American, began his studies at RWULS in 2016, graduating in 2021. Prior to initiating this lawsuit, Mr. Smith sued RWULS in a separate action. See Smith v. Roger Williams University Law School, No. 21-cv-133-PJB-AKJ (D.R.I. filed Mar. 19, 2021) ("Smith I"). Mr. Smith asserts that RWULS "took adverse actions" against him in retaliation for filing Smith I, "subjected him to discrimination," and "denied [him] the benefits of his educational programs." Am. Compl. (Doc. No. 70-2) ¶¶ 33, 81, 82. He further alleges that RWULS has "denied [him] opportunities for advancement" and "retaliated against him" due to his race. Id. ¶¶ 88-89. In addition, Mr. Smith asserts that RWULS "cherry-picked a male who appears to be black to have an honor board complaint" against him. Id. ¶ 98.

Mr. Smith further alleges that he was removed from a Facebook group in retaliation for filing Smith I. In addition, he alleges that he was not invited to the final competition of his trial class. Id. ¶ 134. Another student was also not participating in the final trial. That student was the subject of a disciplinary complaint lodged by Mr. Smith. Id. ¶ 138. Mr. Smith also alleges that RWULS' legal arguments in Smith I and this case are retaliation for his complaints about racial discrimination. Id. ¶ 149. In addition, Mr. Smith alleges that a disciplinary complaint he lodged against a white student was resolved informally. Id. ¶161-62. Mr. Smith also alleges that in the Fall of 2019, he was robbed of $200 by a RWULS employee. Finally, Mr. Smith's amended complaint contains a series of allegations pertaining to his mail

being "monitored," other students using drugs, and Mr. Smith encountering a law school faculty member at a casino. Id. ¶¶ 202-07, 210-215.

## Procedural History

Mr. Smith filed his original complaint (Doc. No. 1) on April 30, 2021. The case was then delayed after Mr. Smith appealed the court's denial of his motion for a temporary restraining order. See Doc. Nos. 3 (motion), 19 (amended motion), May 12, 2021 docket entry (denying motion), and 28 (notice of appeal). On preliminary review, the Magistrate Judge, construing the pro se complaint liberally, allowed a claim for racial discrimination to proceed. November 18, 2021, Order (Doc. No. 37). The court allowed that claim to proceed without prejudice to RWULS's "right to seek dismissal or assert any available defense available under the Federal Rules of Civil Procedure, . . . ." Id. at 5. Mr. Smith moved to amend his complaint in March 2022. (Doc. No. 70). The court granted the motion to amend, in part, allowing Mr. Smith's racial discrimination case to proceed pursuant to state and federal laws. See April 18, 2022 Report and recommendation (Doc. No. 79), adopted July 22, 2022 (Doc. No. 95). The defendant's timely motion to dismiss is now ripe for review.

## Standard of Review

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a plaintiff must make factual allegations sufficient to "state a claim to relief

3

that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.  A claim is facially plausible if it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In testing a complaint's sufficiency, the court employs a two-step approach.  See Ocasio–Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).  First, the complaint is screened for statements that "merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action." Id. (cleaned up).  A claim consisting of little more than "allegations that merely parrot the elements of the cause of action" may be dismissed. Id.  Second, after crediting as true all non-conclusory factual allegations and the reasonable inferences drawn from those allegations, the court determines if the claim is plausible. Id. The plausibility requirement "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of illegal conduct. Twombly, 550 U.S. at 556. The "make-or-break standard" is that those allegations and inferences, "taken as true, must state

4

a plausible, not a merely conceivable, case for relief." Sepúlveda–Villarini v. Dep't of Educ. of P.R., 628 F.3d 25, 29 (1st Cir. 2010).[2]

Analysis

Mr. Smith's racial discrimination claims (counts 1, 9, and 10 of the amended complaint) are separately asserted under two federal statutes – 42 U.S.C. § 1981 and Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d – and the Rhode Island Civil Rights Act ("RICRA"), R.I. Gen. Laws § 42-112-1. Section 1981 provides, in relevant part, that "[a]ll persons within the jurisdiction of the United States shall have the same right . . . to make and enforce contracts . . . and to the full and equal benefit of all laws and proceedings ... as is enjoyed by white citizens . . . ." 42 U.S.C. § 1981(a). Title VI provides that "[n]o person . . . shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving

---

[2] The court rejects Mr. Smith's argument that dismissal under Rule 12(b)(6) for failure to state a claim is precluded by the Magistrate Judge allowing those claims to proceed. In the first instance, the Magistrate Judge's service order (Doc. No. 37) was issued "without prejudice to the defendant's ability to move to dismiss the claims on any appropriate basis." Id. at 5. Next, the court is disinclined to deprive the defendant of its right to seek relief under the Federal Rules of Civil Procedure by essentially considering its motion to be "denied" before it was ever filed, or the defendant had an opportunity to present legal argument. See Aleman v. Dart, No. 09-cv-6049, 2010 WL 4876720, at *3-4 (N.D. Ill. Nov. 23, 2010) (rejecting application of "law of the case" doctrine to defendant's motion to dismiss pro se complaint that was allowed to proceed after preliminary review).

Federal financial assistance." 42 U.S.C. § 2000d.  RICRA similarly protects against discrimination based on one's "race, color, religion, sex, disability, age, or country of ancestral origin." R.I. Gen. Laws § 42-112-1.

While the three relevant statutes are not identical, they all require factual allegations sufficient to support a plausible claim that RWULS acted with discriminatory intent.  See Doe v. Brown Univ., 43 F.4th 195, 208 (1st Cir. 2022).  Here, stripped of conclusory factual allegations, the court finds that Mr. Smith has failed to plead facts sufficient to support a plausible claim that RWULS discriminated against him because of his race.

First, the court can find no plausible basis for Mr. Smith's claim that RWULS's defense in this case or Smith I bears any hint of retaliation, let alone retaliation based on Mr. Smith's race.  Next, and more importantly, Mr. Smith's amended complaint offers only vague and conclusory allegations about racial discrimination.  Indeed, the only non-conclusory factual allegation Mr. Smith ties to his race is that a disciplinary complaint he lodged against a white student was resolved informally.  Am. Compl. (Doc. No. 70-2) ¶ 161-62.  But he offers no facts from which it can be plausibly inferred that he was treated differently or that this resolution was race-based.  See Doe v. Amherst Coll., 238 F. Supp. 3d 195, 224 (D. Mass. 2017) (granting judgment on the pleadings to college where plaintiff failed to allege that "other students who were found responsible for similar violations and received lesser punishments.").  Nor -- given that Mr. Smith himself was

involved in the complaint noted above -- is this a situation where more details are "likely within [the defendant's] control. See Doe v. Tr. of Dartmouth Coll., Civ. No. 21-cv-83-JD, 2021 WL 2857518 at *8 (D.N.H. July 8. 2021).

In his objection, Mr. Smith points to paragraph 89 of his amended complaint, where he asserts that RWULS has "retaliated against me and treated me differently due to either my race, color and/or sex." This is insufficient to withstand a motion to dismiss, as it presents no factual allegations underpinning the legal conclusion asserted. See Doe v. Brown Univ., 43 F.4th at 413 (finding allegations of racial discrimination sufficient where plaintiff alleged facts supporting his claim that white students were permitted to exercise certain rights that he was not and that a college official used a derogatory slur against him).

Moreover, many of the factual allegations in the amended complaint undercut a claim of being treated differently. For example, he alleges that he was not invited to the final competition of his trial class. Am. Compl. (Doc. No. 70-2) ¶ 134. He also alleges that another student, who was the subject of a disciplinary complaint lodged by Mr. Smith, also did not participate in the final trial. In other words, this assertion suggests equal treatment, not discriminatory treatment. Similarly, Mr. Smith conclusorily asserts, without any factual support, that he was removed from a Facebook page because of his race, but concedes that he posted accusations on that Facebook page of

7

drug-dealing by a member of the RWULS community and that a federal judge associated with RWULS was "monitoring" him. Id. ¶ 94, 153. In the absence of any factual allegation which can support a plausible claim for relief, Mr. Smith has failed to state a claim for racial discrimination.

## Conclusion

Based on the foregoing, the defendant's motion to dismiss (Doc. No. 96) is granted.

SO ORDERED.

/s/ Paul J. Barbadoro
Paul J. Barbadoro
United States District Judge

February 27, 2023

cc:   Jimmy Smith, pro se
      Steven M. Richard, Esq.